4

Erica Loftis, Esq. (SBN 259286)
Adam P. Thursby, Esq. (SBN 318465)
Ghidotti | Berger LLP
1920 Old Tustin Ave
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

Attorney for Movant,
U.S. Bank Trust National Association, as Trustee for LB-Igloo Series IV Trust, its successors and/or assignees

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 22-20108 |
| Kamcare LLC | DC: ELP-1 |
| Debtor. | CHAPTER 11 |
| | MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM AND POINTS AND AUTHORITIES THEREOF |
| | **Hearing Date:** <br> Date: 04/07/2022 <br> Time: 10:00 a.m. <br> Ctrm: 33, Dept E <br> Place: 501 I Street, 6th Floor, Sacramento, CA 95814 <br><br> Honorable Ronald J. Sargis |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW, Movant, U.S. Bank Trust National Association, as Trustee for LB-Igloo Series IV Trust, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to

moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as **9589 Mainline Drive, Elk Grove, CA 95624-4466**, ("Property" herein).

Movant submits the following Memorandum of Points and Authorities in support of its Motion for Relief From Stay.

## I. STATEMENT OF FACTS

The subject real property securing the Deed of Trust loan is commonly known as **9589 Mainline Drive, Elk Grove, CA 95624-4466** ("Property"), and legally described as set forth therein. A true and correct copy of the Deed of Trust is attached to the Motion as **Exhibit "1"**.

Movant is the holder and in possession of the original Promissory Note dated November 14, 2006 in the principal amount of $452,000.000 and executed by Freddie Wilson ("Borrower"). The Note is secured by the Deed of Trust of the same date. A true and correct copy of the Note is attached to the Motion as **Exhibit "2"**.

The Deed of Trust was assigned to Movant. True and correct copies of the Assignments are attached collectively to the Motion as **Exhibit "3"**.

The Debtor, Kamcare LLC ("Debtor") filed this subject bankruptcy petition on January 18, 2022, the eve of a scheduled foreclosure sale.

| | | |
|---|---|---|
| Monthly payments: | 8 payments (5/1/20-12/1/20) @ $2,855.30 | $22,842.40 |
| | 12 payments (1/1/21-12/1/21) @ $2,666.77 | $32,001.24 |
| | 2 payments (1/2/22-2/1/22) @ $2,448.07 | $4,896.14 |
| Attorney's Fees | | $1,439.49 |
| Foreclosure Expenses | | $217.12 |
| Prior Servicer Late Charges | | $375.56 |
| Prior Servicer Corporate Advance | | $5,309.35 |
| Prior Servicer Third Party Corporate Advance | | $306.04 |
| Late Charges | | $251.38 |
| Bankruptcy Attorney and Filing Fee | | $1,238.00 |
| **Total Delinquencies:** | | **$68,876.72** |

The next scheduled monthly payment of $2,448.07 is due March 1, 2022 and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents. Late charges will accrue if the payments are not received by the 15th of the month.

///

///

## II. DISCUSSION

Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the Property. Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. The loan is twenty-two (22) months delinquent on payments to Movant. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. *(In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204)).*

Furthermore, pursuant to 11 U.S.C. §362(d)(2), Movant is entitled to relief from the automatic stay to enforce its lien as there appears to be no equity or insufficient equity with respect to the subject Property and the Property is not necessary for an effective reorganization of the Debtor, Kamcare LLC. Debtor is not the owner of record of this Property nor is Debtor the borrower of record of Movant's loan. Debtor schedules an 'equitable interest' valued at $0.00 within Schedule A. Debtor lists Movant as a secured creditor in Schedule D. However, as Debtor is not the borrower of record and has not assumed the debt, Debtor does not have standing to modify or otherwise reorganize this debt within its filed Chapter 11 Petition. Moreover, the Property possesses no value to this bankruptcy estate and relief should be granted for "cause" pursuant to §362(d)(1). Relief should further be granted pursuant to §362(d)(2) due to the fact this Debtor is not the borrower, the existing lack of equity, and the substantial default existing.

## III. CONCLUSION

Based on the foregoing, Movant requests that the Court grant the Motion authorizing Movant to exercise its rights and remedies under applicable law and the loan documents with respect to the Property and all related assets as identified in the Deed of Trust; that the Court waive the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3), and for such other and further relief as the Court deems just and proper.

Dated: March 2, 2022　　　　　　　　　　　Ghidotti | Berger LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Erica Loftis Pacheco*
　　　　　　　　　　　　　　　　　　　　　Erica Loftis-Pacheco, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorney for Movant